UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN J. COOMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-00033-JRS-DML |
| | ) |
| REPUBLIC AIRLINE, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**Introduction**

Plaintiff John Coomes, pro se, brought two claims alleging breach of contract by his employer, Defendant, Republic Airline, Inc. (*See* ECF No. 1-3, Compl.) Defendant, by counsel, moved to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and the Railway Labor Act, 45 U.S.C. § 151, *et seq.* (hereinafter RLA). (*See* ECF No. 6, Def.'s Mot. Dismiss.) The Court, having considered said Motion, now finds that the Motion should be GRANTED with leave for Plaintiff to amend.

**I. Background**

Plaintiff works for Defendant as a pilot. (*See* ECF No. 1-3, Compl. ¶ 6.) Plaintiff is a member of Defendant's pilots' union, International Brotherhood of Teamsters,

Airline Division, Local 357 ("the Union").[1] (*See* ECF No. 7, Def.'s Br. Supp. Mot. Dismiss (hereinafter Def.'s Br.) ¶¶ 1–2.) Defendant and the Union entered into a Collective Bargaining Agreement ("CBA"), which establishes compensation for Defendant's pilots. (*See id.* ¶¶ 3–4; ECF No. 1-3, Compl., Ex. 5, Art. 3 at 90–103.) "In compliance with Section 204, Title II" of the RLA, Article 18-F of the CBA establishes "a System Board of Adjustment for the purpose of adjusting and deciding disputes which may arise under the terms of the [CBA] . . . ." (*Id.*, Ex. 5, Art. 18-F, at 304.) Plaintiff alleges Defendant failed to pay both a bonus (Claim 1) and adequate rate of pay (Claim 2) due under the terms of the CBA. (*See Id.* ¶¶ 1–7, 9–21.) The Union did not pursue either of Plaintiff's claims in arbitration "due to cost considerations." (*Id.* ¶¶ 1, 9.) Defendant now moves to dismiss for lack of subject matter jurisdiction pursuant to the mandatory arbitration provisions of the RLA that govern the CBA. (*See* ECF No. 6, Def.'s Mot. Dismiss; RLA § 151 *et seq.*)

## II. Legal Standard

Defendant moved to dismiss Plaintiff's claims for a withheld bonus and inadequate rate of pay for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. When challenged, the party invoking the court's subject-matter jurisdiction bears the burden of establishing it. *See Thomson v.*

---

[1] Defendant requests the Court to take judicial notice of these facts pursuant to Federal Rule of Evidence 201(c). (*See* ECF No. 7, Def.'s Br. Supp. Mot. Dismiss 1, n.1; *see also* Fed. R. Evid. 201(a), (c).) Plaintiff impliedly concedes these facts by arguing with reference to his coverage under the Collective Bargaining Agreement and Union policies. (*See, e.g.*, ECF No. 10, Pl.'s Mem. Opp'n ¶¶ 4, 9.) Thus, this Court accepts as true Plaintiff's status as a pilot member of Defendant's Union. Other facts requested for notice by Defendant are supported by allegations in the Complaint or documents attached to the Complaint. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (stating that, on a motion to dismiss, a court may consider the complaint, documents attached to the complaint, documents referred to in the complaint, and information subject to judicial notice).

*Gaskill*, 315 U.S. 442, 446 (1942). That party "must establish the district court's jurisdiction over each of their claims independently." *Rifkin v. Bear Stearns & Co.*, 248 F.3d 628, 634 (7th Cir. 2001). When ruling on a Rule 12(b)(1) motion, a "district court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Reuth v. EPA*, 13 F.3d 227, 229 (7th Cir. 1993). Attacks on a court's jurisdiction must be considered and resolved before addressing other motions that implicate a claim's merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998). Unless subject matter jurisdiction cannot be truthfully averred, a court should permit leave to amend defective allegations. *See Leaf v. Supreme Court of State of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992).

### III. Discussion

#### A. *Plaintiff's Claims Are Preempted by the RLA*

Defendant alleges that Plaintiff's contractual claims are preempted by the RLA. Whether federal law pre-empts a state law establishing a cause of action "is a question of congressional intent." *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 208 (1985)). The RLA expressly aims "to provide for the prompt and orderly settlement of all disputes growing out of grievances or out of the interpretation or application of [collective bargaining] agreements . . . ." RLA § 151a. To this end, the RLA "establishes a mandatory arbitral mechanism" for the settlement of "two classes" of such disputes: major and minor. *Hawaiian*, 512 U.S. at 252 (citing RLA § 151a). "Major disputes relate to the

formation of collective [bargaining] agreements or efforts to secure them." *Elgin, J. & E. Ry. Co. v. Burley*, 325 U.S. 711, 723 (1945). "[M]inor" disputes regard "the interpretation or application of [collective bargaining] agreements . . . ." *Hawaiian*, 512 U.S. at 252 (citing RLA § 151a). Thus, "major disputes seek to create contractual rights, minor disputes to enforce them." *Consol. Rail Corp. v. Ry. Labor Execs.' Ass'n*, 491 U.S. 299, 302 (1989) (citing *Burley*, 325 U.S. at 723). The Seventh Circuit has instructed courts to "characterize a dispute as minor if it is even 'arguably justified' that the dispute turns on the application of [a] CBA." *Coker v. Trans World Airlines, Inc.*, 165 F.3d 579, 583 (7th Cir. 1999) (quoting *Hawaiian*, 512 U.S. at 256). "All minor disputes must be adjudicated under RLA mechanisms, which include an employer's internal dispute-resolution procedures and an adjustment board established by the unions and the employer." *Monroe v. Mo. Pac. R.R. Co.*, 115 F.3d 514, 516 (7th Cir. 1997).

Here, Plaintiff asserts both claims "involve[] major disputes . . . not subject to mandatory arbitration." (ECF No. 10, Pl.'s Mem. Opp'n Def.'s Mot. Dismiss (hereinafter Pl.'s Mem.) ¶¶ 7, 9.) Plaintiff offers no support for this assertion. Contrary to Plaintiff's assertion, "the formal demarcation between major and minor disputes does not turn on a case-by-case determination of the importance of the issue presented." *Consol. Rail*, 491 U.S. at 305. Both of Plaintiff's claims seek to enforce existing alleged contractual rights derived from the CBA. Specifically, Plaintiff alleges Defendant "refused to pay Plaintiff a bonus that was due *under [the] collective bargaining agreement*" and "*failed to abide by the [CBA]* regarding Plaintiff's pay status and

training." (ECF No. 1-3, Compl. ¶¶ 1, 9 (emphasis added).) Thus, these claims are unambiguously "minor" under the Seventh Circuit and Supreme Court's interpretation of the RLA; they seek to enforce existing contractual rights that turn on "interpretation or application" of the CBA. *See Hawaiian*, 512 U.S. at 252; *Coker*, 165 F.3d at 583. The "factual particularities" of Plaintiff's complaint "require an interpretation of the CBA and thus mandate [a] finding of preemption." *Monroe*, 115 F.3d at 519.

B. *Plaintiff's Claims Are Not Exempt from Preemption*

Plaintiff's claims are not exempt from the arbitration requirements of the RLA due to estoppel of Defendant. Citing *Vaca v. Sipes*, 386 U.S. 171, 185 (1967), Plaintiff argues he "should not be limited to the exclusive remedial procedures established by [the CBA]." (ECF No. 10, Pl.'s Mem. ¶ 5.) The Supreme Court in *Vaca* stated a party may be excused from required contractual procedures when "the conduct of the [other party] amounts to a repudiation of those contractual procedures . . . ." 386 U.S. at 185. The Supreme Court in *Vaca* cited *Drake Bakeries, Inc. v. Local 50, Am. Bakery, etc., Workers*, 370 U.S. 254 (1962), to support this assertion. However, in *Drake*, the Supreme Court merely alluded to the possibility that total repudiation of a contract might excuse a party from arbitration. In fact, the *Drake* Court explained that even an alleged strike by unionized workers was not "such a breach or repudiation of the arbitration clause" that a party is "excused from arbitrating, upon theories of waiver, estoppel, or otherwise." 370 U.S. at 262. "Arbitration provisions, which themselves have not been repudiated, are meant to survive breaches of contract, in many contexts, even total breach[.]" *Id.*

In the instant case, Defendant's actions do not rise to a "repudiation" of the contractual procedures as required for exemption by *Vaca*. Plaintiff avers the following:

> The payment of the bonus was not based on any interpretation of the [CBA]. As a matter of fact the Defendant took the opposite position and paid the bonus to salaried Pilots, even Pilots who did not qualify, but excluded Plaintiff from the qualified amount. So, in the case at hand, the Defendant claimed the contract did not apply, but now is attempting to avail itself of the contractual procedures to avoid this Court's jurisdiction. The Defendant should be estopped from this argument by its own conduct.

(ECF No. 10, Pl.'s Mem. ¶ 6.) Plaintiff alleges nothing more than that Defendant breached its contractual payment obligations. There is no claim that Defendant repudiated the arbitration provisions themselves. Consequently, Plaintiff's claims are not exempted from preemption by the arbitration requirements of the RLA.

C. *Plaintiff Does Not Sufficiently Allege Breach of Duty of Fair Representation*

Plaintiff alleges in Response to Defendant's Motion to Dismiss that the Union breached its duty of fair representation in deciding not to advance his grievances regarding the retained bonus and adequate pay. (ECF No. 10, Pl.'s Mem. ¶¶ 4, 9.) It is well established that an exclusive bargaining agent, such as the Union in this case, has a statutory duty to fairly represent covered employees. *See Vaca*, 386 U.S. at 177. This duty "extends to a union's conduct in negotiating collective bargaining agreements as well as in pursuing grievances on behalf of individual employees." *See Schultz v. Owens-Ill., Inc.*, 696 F.2d 505, 514 (7th Cir. 1982). To claim breach of such a duty, a plaintiff asserts "that the employer has violated the collective bargaining agreement, but he [or she] is pursuing that claim in a judicial rather than a private forum because he [or she] is also claiming that the union has breached its duty of fair

representation." *Bell v. DaimlerChrysler Corp.*, 547 F.3d 796, 804 (7th Cir. 2008). The employee may, "if he chooses, sue one defendant and not the other[.]" *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983). "Whether the plaintiff has sued his employer, his union or both, in order to recover from either of them he must prove that his union breached its fiduciary obligation and that his employer breached the collective bargaining agreement." *Bell*, 547 F.3d at 804. Over such claims, the RLA's preemption rule does not deprive federal district courts of jurisdiction, as a suit in federal court becomes a necessary mechanism for a plaintiff to assert his rights. *See Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 74 (1989); *see also Vaca*, 386 U.S. at 185–86) ("To leave the employee remediless in such circumstances would . . . be a great injustice."). Accordingly, this Court's jurisdiction is intertwined with the elements of a federal cause of action. In such instances, a court should assume jurisdiction and determine the merits unless the alleged claim is clearly immaterial or where such a claim is wholly insubstantial or frivolous. *See AVC Nederland B.V. v. Atrium Inv. P'ship*, 740 F.2d 148, 153 (2d Cir. 1984); *Roberts v. Corrothers*, 812 F.2d 1173, 1178 (9th Cir. 1987); *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987).

Here, Plaintiff does not sufficiently plead a breach of the duty of fair representation. To establish a breach of the duty of fair representation, Plaintiff "must show that the union conduct was arbitrary, discriminatory, or in bad faith." *Vaca*, 386 U.S. at 190. Plaintiff states that the Union "elected to not take [his claims] to arbitration due to cost considerations." (ECF No. 1-3, Compl. ¶¶ 1, 9.) This does not evidence

arbitrary, discriminatory or bad faith conduct. Indeed, "unions are afforded considerable latitude and a wide range of reasonableness in deciding whether to pursue a grievance through arbitration." *Tom Beau Xiong v. Fischer*, 787 F.3d 389, 395 (7th Cir. 2015). Accordingly, unions have "discretion to act in consideration of such factors as the wise allocation of its own resources, its relationship with other employees, and its relationship with the employer" when making such decisions. *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 369 (7th Cir. 2003). Therefore, the Union's decision not to pursue Plaintiff's claims through arbitration "due to cost considerations" does not constitute a breach of duty of fair representation.

Plaintiff also summarily declares that "the Union refused to advance [his] grievance[s] for an arbitrary reason" in his Response to Defendant's Motion to Dismiss. (Pl.'s Resp. ¶¶ 4, 9.) If a defendant challenges a complaint on jurisdictional grounds, a court may look beyond the pleadings to determine if the plaintiff has met its burden to establish jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). However, "[a]t the Rule 12 motion stage, a plaintiff must support an allegation of bad faith with 'subsidiary facts,' not just '[b]are assertions of the state of mind.' Plaintiffs fail to state a claim of bad faith when their complaint [or other evidence] contains nothing but conclusory labels." *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018) (quoting *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 916 (7th Cir. 2013)).

Here, there are no "subsidiary facts" to support Plaintiff's conclusory claim that the Union acted arbitrarily. To the contrary, as discussed above, Plaintiff's complaint

specifically states otherwise: The Union did not pursue his claims "due to cost considerations." (ECF No. 1-3, Compl. ¶¶ 1, 9.) That the Union acted, within its discretion, in consideration of costs is inconsistent with alleged arbitrary conduct.

## Conclusion

Plaintiff's claims seek to vindicate rights derived from the CBA and are therefore preempted by the RLA's mandatory arbitration provisions. Plaintiff is not exempt from the RLA's preemption, nor has Plaintiff sufficiently alleged breach of duty of fair representation to grant this Court jurisdiction. Thus, the System Adjustment Board established by the CBA is the exclusive mechanism by which Plaintiff may bring his breach of contract claims, and this Court does not have subject matter jurisdiction.

Accordingly, for the foregoing reasons, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 6) is **GRANTED** with leave to amend within 21 days the defective allegations. The failure to amend will result in the entry of judgment consistent with this order.

**SO ORDERED**.

Date: 6/11/2019

_JAMES R. SWEENEY II, JUDGE_
United States District Court
Southern District of Indiana

Distribution:

JOHN COOMES
4934 Ford Street
Speedway, IN 46224

David J. Carr
ICE MILLER LLP (Indianapolis)
david.carr@icemiller.com

Paul Conrad Sweeney
ICE MILLER LLP (Indianapolis)
paul.sweeney@icemiller.com